## Dunn v. Allen et al.

December 14, 1948.

R. W. Keenon and Ben B. Fowler for appellants.

William B. Gess and Scott Reed for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER
—Affirming.

On the 19th day of March, 1947, the Board of Education of Fayette County passed a resolution adopting a budget for the school year commencing July 1, 1947, and ending June 30, 1948. The anticipated revenue re-

cited in the budget amounts to the sum of $764,560.98, and the appropriations total the same amount. Under appropriations the sum of $408,000.00 was allocated to a budgetary account designated "Instructional Salaries," and $94,760.98 was allocated to a budgetary account designated "Capital Outlay." The $408,000.00 appropriated for Instructional Salaries exceeded the amount so appropriated and expended for such purpose in the school year 1946-47 by approximately $70,000.00. At the same meeting the following resolution was adopted:

"Whereas, there is a question as to whether additional state funds to be applied to teacher salaries will be made available during the school year beginning July, 1947, and

"Whereas, the Board desires to see the teachers get a substantial raise in salary from additional local funds and all of the additional state funds provided, if any, all of which must go for teacher salaries alone.

"Now, therefore, be it resolved by this Board of Education that sufficient funds be transferred, if and when needed, from the capital outlay item in the budget to the item of instruction from which teacher salaries are paid to increase this item for the year 1947-48 approximately $110,000.00 over the amount for this purpose in the current budget for 1946-47 to be paid teachers on a salary schedule to be approved later."

On the 20th day of June, 1947, the County School Superintendent addressed to each teacher in the system a letter setting forth the salary schedule adopted by the Board for the school year 1947-48. In that letter he advised the teachers that the Board had authorized the transfer of sufficient funds from the "capital outlay item," if and when needed, to pay each teacher approximately $22.00 additional monthly salary until said additional salary should become available "from other sources" during the school year.

At its regular session held in the year 1948 the General Assembly of the Commonwealth enacted Senate Bill No. 24, which bill was signed by the Governor and became a law on February 8, 1948. The Act appropriated the sum of $3,000,000.00 out of the unappropriated surplus in the General Expenditure Fund in the State Trea-

sury, for the purpose of supplementing the salaries of teachers in common schools for the school year commencing July 1, 1947, and ending June 30, 1948. Under this appropriation the allotment to the teachers of Fayette School District amounted to the sum of $28,832.47, which amount was paid to the Fayette County School Board by the Superintendent of Public Instruction as authorized and directed by the Act. On the 23d day of February, 1948, the Fayette County Board of Education met "for the purpose of defining the Board's position in the distribution of the deficiency per capita appropriation for teachers' salaries made available by the 1948 Legislature as related to the current salary schedule." At this meeting, by resolution duly adopted, the Board amended the budget adopted on March 19, 1947, showing an increase in receipts (anticipated revenue) under the items of "Franchise and Other Revenue Sources" in the amount of $28,832.47. The resolution further authorized this amount to be allocated to the item "Instructional Salaries," and any difference between the appropriation allocated to Instructional Salaries and the amount necessary to pay the teachers an increase of $22.00 each per month for the year, was authorized to be transferred from the "Capital Outlay" item to "Instructional Salaries." Thus, by this resolution the Board treated that part of the $3,000,000.00 appropriation of the General Assembly as an income of the Board to help meet the appropriation for increased salaries authorized by the resolution of March 19, 1947.

Thereupon, appellees filed this action in behalf of themselves and all other school teachers in the Fayette County School District against the Superintendent and members of the Fayette County Board of Education for a declaration of their rights under Senate Bill No. 24 and the resolutions of the Fayette County Board.

Appellees contend that the increase in salaries appropriated to the teachers on March 19, 1947, and upon which contracts with teachers were entered into for the school year 1947-48, was an appropriation out of school board funds anticipated from revenues set out in the budget resolution of March 19, 1947, and that the deficiency appropriation enacted by the 1948 General Assembly was a direct appropriation to school teachers in addition to any appropriation theretofore made by

the various school boards of the State. Consequently, they are entitled not only to the $22.00 per month increase appropriated by the School Board but also to their proportionate share of the $3,000,000.00 appropriated by the General Assembly.

Appellants contend that the appropriation of $110,-000.00 in excess of the amount expended for teachers' salaries for the school year 1946-47 was made in anticipation of reimbursement to the School Board in the amount apportioned to the school teachers of the Fayette County School District from such funds, if any, as should be appropriated by the General Assembly in its regular session of 1948. Appellants further contend that the appropriation of March 19, 1947, if construed otherwise, would be invalid as exceeding the School Board's revenues for the school year 1947-48 under the provisions of Section 157 of the Constitution.

Appellants' second contention can be disposed of in few words. The increase in the apportionment for salaries for teachers for the year 1947-48 over that expended in the school year 1946-47 was within the limits, and constituted a part, of the $764,560.98 to be expended from revenues anticipated in the same amount, but which anticipation of revenues did not include the receipt of any money appropriated, or to be appropriated, by the General Assembly of 1948. The resolution, therefore, did not contravene the provisions of Section 157 of the Constitution. The Chancellor disposed of the remaining question in what we consider to be a well-reasoned opinion, which has been made a part of the record. Since we concur with him in this opinion, we will adopt it as our own in respect to the only question left for our determination. It reads:

"The Resolution adopted by the Fayette County Board of Education March 19, 1947, stated that the Board desired to see the teachers get a *substantial raise in salary from additional local funds, and all of the additional state funds provided, if any.*

"The letter Supt. Dunn wrote the teachers on June 20, 1947, set out their base salary and then informed them that they would receive approximately $22.00 additional monthly, out of the capital outlay item, until this became available from other sources.

"The Board by said Resolution authorized a transfer of sufficient funds from the capital outlay item to pay each teacher approximately $22.00 additional monthly until this *became available from other sources* during the school year. If the funds necessary to meet this increase never became *available to the Board from other sources,* by said Resolution and letter it became obligated to provide the necessary funds from the capital outlay item.

"The defendants contend that this amount, or rather $15.49 of it, *became available* for this purpose when the Legislature made the $3,000,000 appropriation. The Plaintiffs contend that this appropriation cannot be used to pay any part of this $22.00 salary increase.

"The title of the Appropriation Act recites that it is an act appropriating money *for the purpose of supplementing the salaries of teachers in common schools.* This recitation of purpose runs throughout the Act, making it plain that the purpose of the Legislature was to supplement the salaries of the teachers for the school year, 1947-1948. Nothing is said in the Act about what salary is to be increased, the basal or otherwise. The only mention of basal salary is in Section 3, which provides that the appropriation shall be so applied that each teacher of the district shall receive the same amount of increase on the monthly basal salary schedule for the school year, 1947-1948.

"The Appropriation Act is clearly an Act for the benefit of teachers and not for the benefit of school boards. The Boards have the distribution of the funds, but the Legislature said how they should be distributed. The County School Boards were merely the channels through which the funds were to be transmitted to the teachers. As evidence of the fact that the Legislature intended the entire appropriation to go to the benefit of the teachers Section 4 exempted the appropriation from the provisions of the law relating to teacher retirement. This appropriation was a gift to the teachers to give them relief from the economic conditions existing at the time.

"The Court is of the opinion that no part of the $3,000,000 appropriation ever became available to the

School Board to use for the purpose of paying any part of the $22.00 salary increase to the teachers.

"Counsel for defendants say in their brief that if the teachers are entitled to recover any additional sum it is incumbent upon the Court to point out the manner as to how this money is to be raised. The Board itself, by its resolution of March 19, 1947, and letter of June 20th, 1947, provided this increase to be paid out of the capital outlay item. The Court has no authority to point out a different manner as to how this money is to be raised.

"Counsel says that the Board had in mind that it would pay the teachers the $22.00 if it was necessary, and if the Legislature did not pass the Act for the purpose of providing the increase. Therefore, the Board must have had the money available for this purpose when the Resolution of March 19, 1947, was passed and when the letter of June 20th, 1947, was written."

The judgment is affirmed.

Judges Cammack and Latimer dissent.